UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IDRIS LITTMAN,

                                    Plaintiff,

                                                        9:05-CV-1104
v.                                                      (LEK/GHL)

DANIEL SENKOWSKI, Superintendent, Clinton
Correctional Facility; D. MEIER, Inmate Records
Coordinator, Clinton Correctional Facility; JOHN
DOE # 1, Superintendent, Downstate Correctional
Facility; and JOHN DOE # 2, Inmate Records
Coordinator, Downstate Correctional Facility,

                                    Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

IDRIS LITTMAN, 04-B-0445
   Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929[1]

HON. ANDREW M. CUOMO                                   JEFFREY M. DVORIN, ESQ.
   Attorney General for the State of New York          Assistant Attorney General
Department of Law
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This action has been referred to me for a Report and Recommendation by the Honorable

Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

_____

        [1]        Although this is the address of record for Plaintiff on this action's docket, DOCS'
online "Inmate Lookup" Service indicates (as of the date of this Report-Recommendation) that
Plaintiff is currently incarcerated at Upstate Correctional Facility, P.O. Box 2000, 309 Bare Hill
Road, Malone, NY 12953.

Rule 72.3(c) of the Local Rules of Practice for this Court.  Plaintiff Idris Littman ("Plaintiff"),

while an inmate at Clinton Correctional Facility ("Clinton C.F."), commenced this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983.

Liberally construed, Plaintiff's Complaint alleges that four employees of the New York

State Department of Correctional Services ("DOCS")–Clinton C.F. Superintendent Daniel

Senkowski, Clinton C.F. Inmate Records Coordinator D. Meier, Downstate Correctional Facility

Superintendent John Doe # 1, and Downstate C.F. Inmate Records Coordinator John Doe # 2–

violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments when, between

February of 2002 and September of 2002, they (1) negligently or perhaps recklessly

miscalculated the "parole jail-time credits" to which he was entitled, resulting in his being

incarcerated in DOCS two hundred and eighteen (218) days past his "maximum release date,"

and (2) negligently or perhaps recklessly refused to promptly correct the error once they were

notified of it through the filing of Plaintiff's state habeas corpus proceeding on August 7, 2002,

challenging the miscalculation.  (*See generally* Dkt. No. 1 [Plf.'s Am. Compl.].)

Currently pending before the Court is Defendants' motion for summary judgment

pursuant to Fed. R. Civ. P. 56.  (Dkt. No. 18.)[2]  Despite having been advised of the potential

consequences of failing to respond to Defendants' motion, and having been given three

extensions of the time by which to so respond, Plaintiff has not responded.  For the reasons that

follow, I recommend that Defendants' motion be granted.  In addition, I recommend that the

Court dismiss Plaintiff's claims against John Doe # 1 and John Doe # 2 for failure to serve.

---

[2]        Defendants' motion for summary judgment is brought by Defendants Senkowski
and Meier only.  No indication exists on the docket that either John Doe # 1 or John Doe # 2 was
ever named or served.

## I.      LEGAL STANDARD GOVERNING UNOPPOSED MOTIONS

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material[3] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[4]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[5]  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[6]  Rather, "[a] dispute regarding a material fact is

---

[3]      A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[4]      *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[5]      Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[6]      Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . ."); *Matsushita*, 475 U.S. at 585-86; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

*genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."[8] Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendant's motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendant.[9]  However, the plaintiff's failure to respond to the defendant's motion for summary judgment lightens the defendant's burden on the motion.

More specifically, where a plaintiff has failed to respond to a defendant's statement of material fact contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the

---

[7]     *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[8]     *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[9]     *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

facts as set forth in that Rule 7.1 Statement will be accepted as true[10] to the extent that (1) those

facts are supported by the evidence in the record,[11] and (2) the non-moving party, if he is

proceeding *pro se*, has been specifically advised of the potential consequences of failing to

respond to the movant's motion for summary judgment.[12]  Here, I note that Plaintiff was so

advised by Defendants on or about July 14, 2007.  (Dkt. No. 18, Part 1, at 1-2 [Defendants'

---

[10]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.") [emphasis in original].

[11]    *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to evidence in the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3).  Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant.  To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[12]    *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf.* N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

Notice of Motion].)  Clearly, Plaintiff was aware of these potential consequences since he

requested (and was granted) *three* extensions of the response-filing-deadline.  (Dkt. Nos. 19-21.)

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and

facially meritorious memorandum of law (submitted in support of its motion for summary

judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that

memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[13]

Stated another way, where a defendant has properly filed a memorandum of law (in support of a

properly filed motion for summary judgment), and the plaintiff has failed to respond to that

memorandum of law, the only remaining issue is whether the legal arguments advanced in the

defendant's memorandum of law are *facially meritorious*.[14]  A defendant's burden in making legal

---

[13]     N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the
Court determines that the moving party has met its burden to demonstrate entitlement to the
relief requested therein, the non-moving party's failure to file or serve any papers as required by
this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be,
unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for
summary judgment to contain, *inter alia*, a memorandum of law); *cf*. Fed. R. Civ. P. 56(e)
("When a motion for summary judgment is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or denials of the adverse party's pleading,
but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine
issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall
be entered against the adverse party.") [emphasis added]; *see, e.g.*, *Beers v. GMC*, 97-CV-0482,
1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming
plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their
motion for summary judgment as consent by plaintiff to the granting of summary judgment for
defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3];
*Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29,
2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to
exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's]
testimony" on that ground).

[14]     *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially*

arguments that are facially meritorious has appropriately been characterized as "modest."[15]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[16]

---

*meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[15]     *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers*), adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[16]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d

However, in the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit.[17]  Here, I note that Plaintiff's Complaint contains a verification pursuant to 28 U.S.C. § 1746.  (Dkt. No. 1.) That having been said, to be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit must, among other things, not be conclusory.[18]  An affidavit is conclusory if, for example, its assertions lack any supporting evidence or are too general.[19] Finally, even where an affidavit (or verified complaint) is nonconclusory, it may be insufficient

369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[17]     *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

[18]     *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

[19]     *See, e.g.*, *Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") [citations omitted]; *West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting affidavit's conclusory statements that, in essence, asserted merely that there was a dispute between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S. 829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit] with the characters and plot line for a novel of intrigue rather than the concrete particulars which would entitle him to a trial.").

to create a factual issue where it is (1) "largely unsubstantiated by any other direct evidence" and

(2) "so replete with inconsistencies and improbabilities that no reasonable juror would undertake

the suspension of disbelief necessary to credit the allegations made in the complaint."[20]

## II.      STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants' Rule 7.1 Statement contains eleven paragraphs of factual assertions, each of

which is supported by an accurate citation to the record.  (*See generally* Dkt. No. 18, Part 2.)

Plaintiff has failed to file a response to this Rule 7.1 Statement, despite having been specifically

advised of the potential consequences of failing to file such a response.  (Dkt. No. 18, Part 1, at

---

[20]      *See, e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005)
(affirming grant of summary judgment to defendants in part because plaintiff's testimony about
an alleged assault by police officers was "largely unsubstantiated by any other direct evidence"
and was "so replete with inconsistencies and improbabilities that no reasonable juror would
undertake the suspension of disbelief necessary to credit the allegations made in the complaint")
[citations and internal quotations omitted]; *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45
(2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs'
deposition testimony regarding an alleged defect in a camera product line was, although specific,
"unsupported by documentary or other concrete evidence" and thus "simply not enough to create
a genuine issue of fact in light of the evidence to the contrary"); *Allah v. Greiner*, 03-CV-3789,
2006 WL 357824, at *3-4 & n.7, 14, 16, 21 (S.D.N.Y. Feb. 15, 2006) (prisoner's verified
complaint, which recounted specific statements by defendants that they were violating his rights,
was conclusory and discredited by the evidence, and therefore insufficient to create issue of fact
with regard to all but one of prisoner's claims, although verified complaint was sufficient to
create issue of fact with regard to prisoner's claim of retaliation against one defendant because
retaliatory act occurred on same day as plaintiff's grievance against that defendant, whose
testimony was internally inconsistent and in conflict with other evidence); *Olle v. Columbia
Univ.*, 332 F. Supp.2d 599, 612 (S.D.N.Y. 2004) (plaintiff's deposition testimony was
insufficient evidence to oppose defendants' motion for summary judgment where that testimony
recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence
or benign"), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as
precedential authority but merely to show the case's subsequent history, in accordance with
Second Circuit Local Rule § 0.23).

1-2 [Defendants' Notice of Motion].)[21]  As a result, I accept each of the factual assertions as true.

*See* N.D.N.Y. L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be</u>

<u>deemed admitted unless specifically controverted by the opposing party</u>.") [emphasis in original].

 With a few modifications, I summarize these factual assertions below in a "chronology of

material events."  These modifications are mainly due to an effort to summarize each of the

material facts in one comprehensive chronology, and an effort to omit certain facts that I do not

find to be material to Defendants' motion.  Among the facts that I do not find to be material is

any reference to Exhibit B to Defendants' motion, which is a "Certificate of Credited Jail Time"

issued by the Albany County Sheriff's Department at some point in 1996.  (Dkt. No. 18, Part 3, at

8 [Ex. B to Simone Affirm.].)  I find this document to be of no real relevance to Defendants'

motion since the document regards a credit of pre-trial and post-trial jail time Plaintiff earned

(with regard to his original conviction of burglary) in 1996, while Plaintiff's Complaint and

Defendants' motion regard a credit of parole jail time Plaintiff earned (with regard to another

violation) in 2000 and 2001.  Moreover, this document is potentially confusing since it regards an

amount of jail time credit that, coincidentally, equals the exact same amount of jail time credit at

issue in this action, namely 253 days.  As a result, I find that the following "chronology of

material events" accurately summarizes the material facts established by the record on

Defendants' motion:

---

[21]  As explained above in Part I of this Report-Recommendation, I note that, clearly, Plaintiff was aware of these potential consequences since he requested (and was granted) *three* extensions of the response-filing-deadline.  (Dkt. Nos. 19-21.)

## Chronology of Material Events

| | |
|---|---|
| **11/01/96** | Received by DOCS for service of sentence of 3-to-6 years for burglary. |
| **02/17/00** | Conditionally released from incarceration for burglary conviction. |
| **09/14/00** | Arrested on charges of grand larceny and criminal mischief.  Charged (on 09/20/00) with violating terms of conditional release.  Convicted (on 01/08/01) of parole violation, which was deemed to occur on 09/14/00. |
| **09/14/00 - 05/24/01** (253-Day Period) | Served jail time.  (At the time, this period of incarceration was deemed to be due to charges of grand larceny and criminal mischief.) |
| **05/24/01** | Released on pending charges of grand larceny and criminal mischief. |
| **05/25/01 - 08/02/01** (70-Day Period) | Served jail time due to parole violation. |
| **08/03/01** | Returned to DOCS custody as parole violator, in order to serve remainder of sentence for burglary.  Received (on 08/06/01) Certificate from Division of Parole, crediting him with having already served **70 days** of "parole jail-time" based on incarceration between 05/25/01 and 08/02/01. |
| **03/26/02** | Pled guilty to crime of harassment.  Though crime carried maximum of 15-days imprisonment, Plaintiff was sentenced to "time served." |
| **08/07/02** | Filed habeas corpus proceeding in state court, seeking additional "parole jail-time credit" of **253 days** with regard to remaining sentence for burglary, based on incarceration between 09/14/00 and 5/25/01, since his ultimate conviction of harassment carried only 15-day sentence. |
| **09/12/02** | Received decision by state court holding that he is entitled to additional "parole-time credit" of having already served 253 days based on incarceration between 09/14/00 and 5/25/01. |
| **09/13/02** | Received amended Certificate from Division of Parole, increasing "parole jail time credit" from 70 days to 323 days (i.e., based on addition of 253 days of "parole jail-time credit"). |
| **09/16/02** | Discharged from DOCS because maximum release date had been 02/13/04 (216 days earlier) under new calculation. |
| **08/28/05** | Signed Complaint in the current action. |

III.     **ANALYSIS**

A.     **Statute of Limitations**

Defendants argue that (1) the statute of limitations for claims arising under Section 1983 is three years, (2) here, Plaintiff's Section 1983 claims accrued more than three years before August 28, 2002, when Plaintiff mailed his Complaint to the Clerk of Court, and (3) therefore, Plaintiff's Section 1983 claims are time barred.  (Dkt. No. 18, Part 4, at 4 [Defs.' Mem. of Law].)

Because Plaintiff does not respond to Defendants' statute-of-limitations argument in their properly filed motion for summary judgment, the sole issue before the Court is whether that argument has, at the very least, facial merit.  *See*, *supra*, Part I of this Report-Recommendation (describing the legal standard governing unopposed motions for summary judgment).  After reviewing Defendants' memorandum of law, Rule 7.1 Statement, and the governing law, I answer that question in the affirmative.  Even if I were to subject Defendants' statute-of-limitations argument to more rigorous scrutiny, I would accept that argument as persuasive.

"The applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years."  *Pinaud v. County of Suffolk*, 52 F.3d 1138, 1156 (2d Cir. 1995) [citations omitted]; *see also Connolly v. McCall*, 254 F.3d 36, 40-41 (2d Cir. 2001) ("[Plaintiff's] federal constitutional claims, brought pursuant to 42 U.S.C. § 1983, are governed by New York's three-year statute of limitations for personal injury actions . . . .") [citations omitted].  Moreover, a claim arising under Section 1983 accrues "when the plaintiff knows or has reason to know of the harm that he seeks to redress."  *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) [internal quotation marks and citation omitted], *accord*, *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) [internal quotation marks and citations omitted].

12

Here, on August 6, 2001, the New York State Division of Parole issued a "Parole Jail Time Certificate" that did not credit Plaintiff with the 253 days of "parole jail time" for the period of September 14, 2000, to May 24, 2001.[22]  I have trouble finding that Plaintiff had "reason to know" of the omission of the 253-day credit when the Certificate was issued, since at that time the omission appears to have been entirely proper in that the 253-day period of incarceration was due to the pending charges of grand larceny and criminal mischief, which Plaintiff was facing.

However, I do find that Plaintiff had "reason to know" of the omission (of the 253-day credit from the Certificate) by March 26, 2002, when he pled guilty to the crime of harassment, which carried a maximum penalty of 15-days' imprisonment.  This is because the 15-day maximum penalty effectively *changed* the 253-day period in question from a period of incarceration due to the charges of grand larceny and criminal mischief to a period of incarceration due to a parole violation, warranting his immediate release on the parole violation.[23] (I note that Plaintiff has also alleged that, during this time period, he started to experience injuries as a result of his continued incarceration, including the denial of an opportunity to attend the funeral of a relative, giving him added reason to scrutinize the Certificate.)[24]  In any event, he certainly had *actual knowledge* of the omission (of the 253-day credit from the Certificate) by August 7, 2002, when he filed a habeas corpus proceeding in state court, seeking the 253-day

---

[22]     (Dkt. No. 18, Part 3, at 10 [Ex. C to Simone Affirm.].)

[23]     *See Littman v. Senkowski*, Index No. 02-940, Decision, at 3 (N.Y. Sup. Ct., Clinton County, filed Sept. 12, 2002) (Felstein, J.S.C.) ("This Court . . . must . . . attempt to understand the *implication* of [Plaintiff's] sentence [upon his conviction for the crime of harassment] in the present context [of parole jail-time credits].") [emphasis added] (attached as Ex. E to Simone Affirm., *see* Dkt. No. 18, Part 3, at 16).

[24]     (Dkt. No. 1, ¶ III.)

credit at issue.[25]  Under either of these two scenarios, the three-year limitations period had

expired by the time Plaintiff signed the Complaint in this action, on August 28, 2005.

I note that I am specifically persuaded by Defendants' argument that the three-year

limitations period did *not* begin to run on September 12, 2002, when the state court issued its

decision granting Plaintiff's habeas corpus petition.  "The reference to 'knowledge of injury' [in

the above-described standard] does not suggest that the statute [of limitations] does not begin to

run until the claimant has received judicial verification that the defendants' acts were wrongful."

*Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1995) [citations omitted], *accord*, *Shannon v. Selsky*,

04-CV-1939, 2005 U.S. Dist. LEXIS 3823, *13 (S.D.N.Y. March 10, 2005); *see also Abbas v.

Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("We have held . . . that a plaintiff's pursuit of a state

remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim

pursuant to section 1983.") [citations omitted], *accord*, *LeBron v. Swaitek*, 05-CV-0172, 2007

U.S. Dist. LEXIS 81587, at *7, n.5 (N.D.N.Y. Nov. 2, 2007) (Sharpe, J.).

As a result, I recommend that the Court dismiss Plaintiff's claims against all four

Defendants as time barred.

## B.      Failure to State a Claim

Defendants Senkowski and Meier argue that they had no discretion or control over (1) the

Department of Parole's decision to credit only 70 days parole jail time in Plaintiff's original

Division of Parole "Parole Jail Time Certificate," issued on August 6, 2002,[26] and (2) any

"failure" by the Department of Parole to issue an Amended Certificate before September 13,

---

[25]      (Dkt. No. 18, Part 3, at 14 [Ex. E to Simone Affirm.].)

[26]      (Dkt. No. 18, Part 3, at 10 [Ex. C to Simone Affirm.].)

14

2002.[27]  (Dkt. No. 18, Part 4, at 4-5 [Defs.' Mem. of Law].)  Again, because Plaintiff does not

respond to this argument, the sole issue before the Court is whether the argument has, at the very

least, facial merit.  After reviewing Defendants' memorandum of law, Rule 7.1 Statement, and

the governing law, I answer that question in the affirmative.

After carefully considering Defendants' lack-of-discretion argument, I have concluded

that it is, at its core, an attack on the pleading sufficiency of Plaintiff's Complaint.  (*See*, *e.g.*,

Dkt. No. 18, Part 4, at 5 [Defs.' Mem. of Law, arguing, "Plaintiff merely offers conclusory

allegations . . ." and "[s]uch allegations hardly provide an adequate basis . . ."].)  As stated above,

I liberally construe Plaintiff's Complaint as alleging (in a conclusory fashion) that Defendants

Senkowski and Meier acted with negligence or perhaps recklessness when they assisted in

miscalculation of, or failed to correct, Plaintiff's "parole jail-time credits."  The problem is that

Plaintiff has alleged no facts plausibly suggesting that, during the relevant time period,

Defendants Senkowski and Meier acted with the sort of recklessness (or intent) necessary to state

a constitutional claim.[28]

---

[27]        (Dkt. No. 18, Part 3, at 12 [Ex. D to Simone Affirm.].)

[28]        *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 827 (1994) ("[S]ubjective
recklessness as used in the criminal law is a familiar and workable standard that is consistent
with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as
the test for "deliberate indifference" under the Eighth Amendment.") *Franks v. Delaware*, 438
U.S. 154, 171 (1978) ("There must be allegations of deliberate falsehood or of reckless disregard
for the truth [to state a claim under the Fourth Amendment]."); *Hemmings v. Gorczyk*, 134 F.3d
104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under
the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and
disregards an excessive risk to inmate health or safety; the official must both be aware of facts
from which the inference could be drawn that a substantial risk of serious harm exists; and he
must also draw the inference.") [internal quotation marks and citations omitted]; *Madiwale v.
Savaiko*, 117 F.3d 1321, 1326-27 (11th Cir. 1997) ("[A] warrant affidavit violates the Fourth
Amendment when it contains omissions made intentionally or with a reckless disregard for the

At most, Plaintiff has alleged facts plausibly suggesting that Defendant Meier may have exhibited a hint of negligence by not *somehow* persuading the Division of Parole to issue an Amended Certificate between March 26, 2002 (when Plaintiff pled guilty to the crime of harassment, which carried a maximum penalty of 15-days imprisonment), and September 12, 2002 (when the state court issued its decision requiring such an Amended Certificate).[29]  I hasten to add that Plaintiff has alleged no facts plausibly suggesting precisely *how* Defendant Meier could have so persuaded the Division of Parole, especially given the legal issue created by the sentence of "time served" that Plaintiff received on March 26, 2002.  In any event, even if Plaintiff had alleged such facts, such an allegation of negligence would not be actionable under 42 U.S.C. § 1983.[30]

_____

accuracy of the affidavit.") [internal quotation marks and citation omitted].

[29]     I note that Plaintiff has alleged no facts plausibly suggesting that the individual who signed the original Parole Jail Time Certificate on August 6, 2001 (apparently "Kathleen Jack") made any sort of mistake whatsoever.  This is because it was only after Plaintiff pled guilty to harassment, which carried a maximum penalty of 15-days imprisonment, on March 26, 2002, that the 253-day period in question effectively changed from a period of incarceration due to the charges of grand larceny and criminal mischief to a period of incarceration due to a parole violation.

[30]     *See, e.g., Farmer*, 511 U.S. at 835 ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Franks*, 438 U.S. at 171 ("Allegations of negligence or innocent mistake are insufficient [to state a claim under the Fourth Amendment].") ; *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials."); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do

As a result, I recommend that, in the alternative, the Court dismiss Plaintiff's claims against Defendants Senkowski and Meier based upon Plaintiff's failure to state a claim against them.

### C.    Lack of Personal Involvement of Defendant Senkowski

Defendants argue that, in the alternative, Plaintiff's claims against Defendant Senkowski should be dismissed because Plaintiff has neither alleged facts plausibly suggesting, nor adduced any evidence establishing, the personal involvement of Defendant Senkowski in any of the constitutional violations alleged.  (*See* Dkt. No. 18, Part 4, at 5-6 [Defs.' Mem. of Law].)  Again, because Plaintiff does not respond to this argument, the sole issue before the Court is whether the argument has, at the very least, facial merit.  After reviewing Defendants' memorandum of law, Rule 7.1 Statement, and the governing law, I answer that question in the affirmative.

For the sake of argument, I will set aside the issue of whether the allegations in Plaintiff's Complaint give Defendant Senkowski "fair notice" of Plaintiff's claim against him, sufficient to state such a claim, under Fed. R. Civ. P. 8 and 12.  Even if this were so, no rational fact finder could find, based merely on the sworn assertions in Plaintiff's Complaint, that Defendant Senkowski was personally involved in any constitutional violation.

Specifically, in his Complaint, Plaintiff offers sworn assertions that (1) Defendant Senkowski, *solely by virtue of his position as Superintendent of Clinton C.F. during the relevant*

---

not incur constitutional liability."); *Myers v. Okla. County Bd. of County Com'rs*, 151 F.3d 1313, 1320 (6th Cir. 1998) ("[A]ctions leading to a confrontation, such as the decision to enter the apartment, must be more than merely negligent to be "unreasonable" for purposes of the Fourth Amendment inquiry."); *Madiwale*, 117 F.3d at 1326 ("Negligent or innocent mistakes do not violate the Fourth Amendment."); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699, n.7 (10th Cir. 1995) ("Mere negligent actions precipitating a confrontation [that was the subject of plaintiff's Fourth Amendment claim] would not, of course, be actionable under § 1983.").

*time period*, was "fully aware and informed about the facts that form the basis of this complaint,"
(2) "[a]ll defendants[,] despite full awareness of the erroneous refusal/failure to give me credit
for parole jail time herein[,] refused and failed to properly calculate and give me credit for parole
jail time to which I was entitled," and (3) "[e]ach defendant was well aware of my illegal
detention and refused to correct the erroneous time computation."  (Dkt. No. 1, ¶¶ II.D.3., II.D.6.,
II.D.12.)

However, the simple fact that allegations are sworn does not convert them into admissible
evidence sufficient to create a factual issue for purposes of a motion for summary judgment.  As
explained above in Part I of this Report-Recommendation, to be sufficient to create a factual
issue for purposes of a summary judgment motion, an affidavit must, among other things, not be
conclusory.  An affidavit is conclusory if, for example, its assertions lack any supporting
evidence or are too general.

Here, there are no facts asserted in Plaintiff's Complaint specifying *why* Defendant
Senkowski was personally involved in the miscalculation of, or failure to correct, Plaintiff's
parole time credits, other than his role as the supervisor of the prison.  For example, Plaintiff
does not assert that he ever wrote or spoke to Defendant Senkowski about his claim to the 253-
day credit at issue, nor does Plaintiff attach to his Complaint any relevant parole documents
bearing Senkowski's signature (nor are any such documents attached to Defendants' motion
papers).

As a result, I recommend that, in the alternative, the Court dismiss Plaintiff's claims
against Defendant Senkowski based on his lack of personal involvement in the constitutional
violations alleged.

**D.      Qualified Immunity**

Because I have already concluded that adequate grounds exist upon which to base a

recommendation of dismissal of Plaintiff's claims against Defendants Senkowski and Meier, I

need not, and do not, reach the merits of Defendants' alternative argument in favor of dismissal,

namely, their qualified immunity argument (*see* Dkt. No. 18, Part 4, at 6-7 [Defs.' Mem. of Law])

other than to note that (1) their argument appears to have facial merit and (2) Plaintiff has failed

to respond to that argument.

**E.      Failure to Serve or Even Name "John Doe # 1" and "John Doe # 2"**

On September 1, 2005, Plaintiff filed his Complaint in this action, which asserted claims

against, *inter alia*, "John Doe # 1" (i.e., the Superintendent of Downstate C.F. during the relevant

time period) and "John Doe # 2" (i.e., the Inmate Records Coordinator of Downstate C.F. during

the relevant time period).  (Dkt. No. 1.)

On December 14, 2005, Judge Kahn ordered, *inter alia*, that (1) "the Clerk shall issue

summonses and forward them, along with copies of the complaint, to the United States Marshall

for service on the remaining defendants," and (2) "Plaintiff must comply with any requests by the

Clerk's Office for any documents that are necessary to maintain this action."  (Dkt. No. 6, at 3-4.)

That same day, the Clerk's Office wrote Plaintiff a letter requesting him to complete USM 285

Forms for each of the remaining Defendants.  (Dkt. No. 7.)

However, Plaintiff never returned a USM 285 Form for either John Doe # 1 (i.e., the

Superintendent of Downstate C.F.) or John Doe # 2 (i.e., the Inmate Records Coordinator of

Downstate C.F.).  (*See generally* Docket [reflecting no "Acknowledgment of Service" or

"Summons Returned Unexecuted" for either of these two Defendants].)  Nor did Plaintiff ever

file, or even attempt to file, an Amended Complaint naming either of these two individuals. (*See generally* Docket.)

Because Plaintiff has not offered "good cause" for his failure to enable the Marshals Service to effect service on either John Doe # 1 (i.e., the Superintendent of Downstate C.F.) or John Doe # 2 (i.e., the Inmate Records Coordinator of Downstate C.F.), I find that Plaintiff has violated Fed. R. Civ. P. 4(m).  Alternatively, I find that Plaintiff has violated Fed. R. Civ. P. 16(f) due to the fact that he violated Judge Kahn's Order of December 14, 2005, directing him to "comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action."  (Dkt. No. 6, at 4.)  Alternatively, I find that Plaintiff has violated Fed. R. Civ. P. 41(b) by failing to diligently prosecute his claims against John Doe # 1 and John Doe # 2.

As a result, should the Court decide for some reason not dismiss Plaintiff's claims against John Doe #1 and John Doe #2 based on the applicable statute of limitations (for the reasons described above in Part III.A. of this Report Recommendation), I recommend that, in the alternative, the Court dismiss Plaintiff's claims against John Doe # 1 and John Doe # 2 based on Plaintiff's failure to serve or even name them.

I note that, under Fed. R. Civ. P. 4(m) and 16(f), the Court need not issue such an order only upon motion of defense counsel but may do so *sua sponte*.  *See* Fed. R. Civ. 4(m) ("[T]he Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.");  Fed. R. Civ. 16(f) ("[T]he judge, upon motion or the judge's own initiative, may make such

orders with regard thereto as are just . . . .").[31]  Furthermore, with regard to Fed. R. Civ. P. 41(b),

which speaks only of a *motion* to dismiss on the referenced grounds, courts retain the "inherent

power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the

inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630 (1962); *see also Saylor v. Bastedo*, 623 F.2d 230, 238 (2d Cir. 1980); *Theilmann v. Rutland

Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972).  Indeed, Local Rule 41.2(a) recognizes this

authority.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to

prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.")

[emphasis added].

### F.    Failure to Notify Court of Change in Address

On December 14, 2005, Judge Kahn ordered Plaintiff, *inter alia*, to keep the Clerk's

Office apprised of his current address.  (Dkt. No. 6, at 6.)  Specifically, Judge Kahn advised

Plaintiff that he "**is also required to promptly notify the Clerk's Office and all parties or

their counsel of any change in Plaintiff's address; his failure to do so will result in the

dismissal of this action.**"  (*Id.*)

Moreover, Local Rule 10.1 imposes on a plaintiff a duty to promptly notify the Court of

any change in his address.  *See* N.D.N.Y. L.R. 10.1(b)(2) (imposing on plaintiffs a duty to

"**immediately notify the Court of any change of address**") [emphasis in original].  This duty

---

[31]     In the event the Court were to base its dismissal of Plaintiff's claims against the
John Doe Defendants on Fed. R. Civ. P. 4(m), this Report-Recommendation would serve as the
requisite notice to Plaintiff.

has been found to also be imposed by Fed. R. Civ. P. 41(b).[32]

Here, Plaintiff's current address of record in this action is "Clinton Correctional Facility, PO Box 2001, Dannemora, NY 12929." (*See* Docket.)  However, based on my review of the DOCS' online "Inmate Lookup" Service, it appears that Plaintiff's current address is Upstate Correctional Facility, P.O. Box 2000, 309 Bare Hill Road, Malone, NY 12953.[33]  While I cannot determine when Plaintiff was apparently transferred from Clinton C.F. to Upstate C.F., I note that Plaintiff's last filing in this action was dated September 11, 2007.  (Dkt. No. 21.)  I note also that in Plaintiff's filing dated July 3, 2007, his return address was not Clinton C.F. but was *Great Meadow C.F.*  Thus, Plaintiff's failure to notify the Court of his current address appears to have persisted for some three to six months now.  *Pro se* actions have been dismissed for failure to comply with a court order even where the failure was for four months.  *See*, *e.g.*, *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (plaintiff had failed to comply with order directing him to answer interrogatories for more than four months).

As a result, I recommend that, in the alternative, the Court dismiss Plaintiff's Complaint for failure to notify the Court of his current address.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 18) be

---

[32]      *See*, *e.g.*, *Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

[33]      *See* New York DOCS' "Inmate Lookup Service" http://nysdocslookup.docs.state. ny.us/GCA00P00/WIQ3/WINQ130 (last visited Dec. 31, 2007).

**GRANTED** for the reasons set forth above, and that Plaintiff's claims against Defendants Senkowski and Meier be **DISMISSED with prejudice**; and it is further

**RECOMMENDED** that Plaintiff's claims against John Doe # 1 and John Doe # 2 be **DISMISSED with prejudice** due to the applicable statute of limitations (for the reasons set forth above in Part III.A. of this Report-Recommendation), or, in the alternative, due to Plaintiff's failure to serve or even name those individuals, in violation of Fed. R. Civ. P. 4(m),16(f), and/or 41(b); and it is further

**RECOMMENDED** that the Court certify in writing that any appeal taken from the Court's final judgment in this action would not be taken in good faith, for purposes of 28 U.S.C. § 1915(a)(3); and it is further

**ORDERED** that the Clerk's Office shall send a copy of this Report-Recommendation to Plaintiff at both (1) his address of record on the docket in this action and (2) Upstate Correctional Facility, P.O. Box 2000, 309 Bare Hill Road, Malone, NY 12953.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs*., 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 31, 2007
Syracuse, New York

George H. Lowe
United States Magistrate Judge

23